**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **ANDREA LOPEZ VASQUEZ,**<br>**Petitioner,**<br>**v.**<br>**WARDEN OF DELANEY HALL DETENTION FACILITY,**<br>**Respondent.** | **Case No. 26–cv–11441–ESK**<br><br>**OPINION AND ORDER** |

**THIS MATTER** is before the Court on petitioner Andrea Lopez Vasquez's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Petition) (ECF No. 1.)

1. Petitioner is a citizen of Ecuador. (ECF No. 1 ¶ 4.) She entered the United States on or about May 17, 2024 and was detained at the border. (ECF No. 6–1 p. 2.) She alleged a fear of persecution and was scheduled for a credible fear interview. (*Id.* p. 3.)

2. An immigration official concluded that petitioner had established a credible fear of persecution on July 2, 2024. (*Id.*) She was released with reporting requirements on September 3, 2024. (*Id.*)

3. On June 21, 2026, the Union City Police Department arrested petitioner for simple assault, N.J.S.A. § 2C:12–1(a)(1). (ECF No. 4–1 p. 6.) The charges are still pending. (*Id.*)

4. Immigration and Customs Enforcement (ICE) issued a detainer on June 21, 2026 and took petitioner into custody on September 3, 2026. (ECF No. 6–1 pp. 3, 4.) Petitioner has been detained at Delaney Hall Detention Facility since that time. (*Id.*)

5. Petitioner argues that respondents improperly detained her pursuant to 8 U.S.C. § 1225(b) when she should have been detained pursuant to 8 U.S.C. § 1226(a). (ECF No. 1 p. 2.)

6. Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has

jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

7. Respondents initially argued that petitioner was being detained pursuant to 8 U.S.C. §1225(b)(1)(B)(ii), (ECF No. 4 p.1), but subsequently amended their position in light of the Third Circuit's decision in *Buele Morocho v. Warden Philadelphia FDC*, __ F.4th __, 2026 WL 2546223 (3d Cir. 2026). (ECF No. 6 p.1.)

8. Respondents now state that petitioner is being detained pursuant to §1226(a). (ECF No. 6–3 p.4.) Petitioner has requested a bond hearing, but it has not been scheduled yet. (ECF No. 6 p.2.)

9. I agree that petitioner is properly detained pursuant to §1226(a). Petitioner has been detained for more than two weeks without a bond hearing, so I will order respondents to provide one for her within 7 days.

Accordingly,

**IT IS** on this **24th** day of **September 2026** **ORDERED** that:

1. Petitioner's Petition is **GRANTED**. Respondents shall provide petitioner with an individualized bond hearing pursuant to 8 U.S.C. §1226(a) before an immigration judge within 7 days of this Order. Respondents shall provide the immigration court a copy of this Opinion and Order prior to the hearing.

2. Petitioner, or her counsel, shall have notice of the bond hearing, a reasonable opportunity to prepare, and be permitted to reschedule the hearing without seeking this Court's intervention. The hearing may be rescheduled outside of the 7-day period at petitioner's request.

3. The no-transfer order shall remain in effect until the bond hearing has concluded.

4. The Clerk shall send petitioner a copy of this opinion and order by regular mail and **CLOSE** this case.

*/s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**